JON M. SANDS
Federal Public Defender
District of Arizona
250 N. 7th Avenue, Suite 600
Phoenix, Arizona 85007
Telephone: 602-382-2700

SUCCESS V. CARTER
California Bar No. 347952
success_carter@fd.org
MICHAEL S. RYAN
Arizona Bar No. 018139
Michael_ryan@fd.org
Assistant Federal Public Defenders
Attorneys for Mr. Ortiz

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>     vs.<br><br>Rene Ortiz,<br><br>              Defendant. | 25-CR-153 (DGC/DMF)<br><br>**MOTION TO DISMISS THE INDICTMENT** |

RENE ORTIZ, by and through the undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 12(b), respectfully requests the Court to dismiss the Indictment alleging violations of 18 U.S.C. §§ 871 and 879, on the following grounds and memorandum in support thereof:

1. Counts 1, 2, and 3 fail to state an offense because the alleged threats are not "true threats" and are protected speech under the First Amendment.

2. Counts 1, 2, and 3 fail to state an offense because each count in the Indictment includes an additional *mens rea* element of recklessness, which is not among the statutory elements.

3. Counts 1 and 3 are void for vagueness facially and as applied to Mr. Ortiz.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On November 5, 2024, Rene Ortiz walked inside the Sandra Day O'Connor U.S. Courthouse Clerk's Office in Phoenix, Arizona, and presented the Clerk's Office with a complaint to file. The Clerk's Office reviewed the complaint but did not file it because it included statements that purportedly threatened the "newly elected POTUS." After giving the complaint to the Clerk's Office, Mr. Ortiz walked to the U.S. Marshals Office, with copies, and asked for the U.S. Marshals Office to serve the defendants named in his complaint with copies. On November 25, 2024, Mr. Ortiz went to the U.S. Clerk's Office and Marshals Office at the Evo A. DeConcini U.S. Courthouse in Tucson, Arizona, to file more complaints. The additional complaints purportedly had threatening language against the "newly elected POTUS."

On December 5, 2024, the U.S. Secret Service interviewed Mr. Ortiz regarding the complaints he tried to file. The U.S. Secret Service gathered information about Mr. Ortiz's mental health. Considering Mr. Ortiz's mental health issues, the U.S. Attorney's Office declined to pursue criminal charges for what was decidedly a mental health concern. It was further determined (by agencies involved) that Mr. Ortiz had a low risk of violence, physical limitations, no access to weapons, and no intentions or means to carry out any purported threats.

After initially declining to prosecute Mr. Ortiz, on January 15, 2025, the U.S. Attorney's Office agreed to move forward with criminal charges given the inability to seek alternative resolutions with the mental health professionals at Veterans Affairs.  On January 17, 2025, Mr. Ortiz was arrested at his home, without incident. Mr. Ortiz was subsequently indicted with two counts of Threat Against President and Successors to the Presidency under 18 U.S.C. § 871 and one count of Threat Against Former Presidents under 18 U.S.C. § 879, which give rise to the present Motion to Dismiss the Indictment.

## II. ARGUMENT

### A. The Statements Charged in the Indictment do not Constitute True Threats and Remain Protected Speech Under the First Amendment.

Offenses that involve pure speech implicate and are limited by the First Amendment. Statutes such as 18 U.S.C. §§ 871 and 879, which makes criminal a form of speech, must be interpreted with the commands of the First Amendment clearly in mind. True threats fall outside of the First Amendment's protection. "True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. *Virginia v. Black*, 538 U.S. 343, 359 (2003). Thus, the First Amendment prohibits the criminalization of pure speech unless the government proves that the speaker specifically intended to threaten. The language of the political arena is often vituperative, abusive, and inexact. *Watts v. United States,* 394 U.S. 705, 708 (1969). Speech amounting to "a kind of very crude offensive method of stating a political opposition to the President," falls short of true threats. *Id*. A true threat given *Black* and *Watts* can be summarized as an expression of an unequivocal, unconditional, and immediate intention to inflict bodily harm.

### 1. The Statutes

18 U.S.C. § 871 provides,

Whoever ***knowingly and willfully*** deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States, or the Vice President-elect, ***or knowingly and willfully otherwise makes*** any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-

1     elect, shall be fined under this title or imprisoned not more than five years,

2     or both.

3     (emphasis added).

4     18 U.S.C. § 879 provides

5     Whoever **_knowingly and willfully_** threatens to kill, kidnap, or inflict bodily

6     harm upon--

7     **(1)** a former President or a member of the immediate family of a former

8     President;

9     **(2)** a member of the immediate family of the President, the President-elect,

10     the Vice President, or the Vice President-elect;

11     **(3)** a major candidate for the office of President or Vice President, or a

12     member of the immediate family of such candidate; or

13     **(4)** a person protected by the Secret Service under section 3056(a)(6);

14     shall be fined under this title or imprisoned not more than 5 years, or both.

15     (emphasis added).

16     **2. The Indictment**

17     **a. Count 1 – Threat Against President and Successors to the Presidency**

18     Count 1 alleges that on or about November 5, 2024, in the District of Arizona and

19 elsewhere, the defendant, RENE ORTIZ, did knowingly and willfully make a threat to

20 take the life of and to inflict bodily harm upon [Victim 1] with the intent to communicate

21 a true threat of violence and with reckless disregard as to whether the communication

22 would be viewed as a true threat of violence by stating, " I chose to execute the newly

23 elected POTUS by firing an M-16A2 Service Rifle with a magazine of 6 rounds." All in

24 violation of Title 18 U.S.C. § 871.

25     The statement referenced in Count 1 is not a true threat. First, Count 1 fails to

26 identify how the statement was made and/or communicated. The alleged threat in Count

27 1 lacks an immediate intention to harm an identifiable person. Count 1 fails to identify

28

4

the victim of the alleged threatening statement. The statement lacks specificity as to when the alleged harm was to occur. On November 5, 2024, there was no identifiable "newly elected POTUS" and approximately twenty-four candidates appeared on presidential election ballots across the country. If the facts alleged in Count 1 are true, the government cannot prove this statement is a true threat. Count 1 of the Indictment must be dismissed.

### b. Count 2 – Threat Against Former President

Count 2 alleges that on November 5, 2024, in the District of Arizona and elsewhere, the defendant, RENE ORTIZ, did knowingly and willfully make a threat to take the life of and to inflict bodily harm upon [Victim 2], with the intent to communicate a true threat of violence and with reckless disregard as to whether the communications would be viewed as a true threat of violence by lodging a document in Federal Court which stated, "I chose to execute the newly elected POTUS by firing an M-16A2 Service Rifle with a magazine of 6 rounds." All in violation of 18 U.S.C. § 879.

The Count charges an alleged violation of Threat Against Former President, but the alleged threatening statement only references "newly elected POTUS." On this basis alone, Count 2 fails to state an offense. And again, on November 5, 2024, there was no identifiable "elected POTUS," making the statement vague. Count 2 further fails to cite an identifiable target of the alleged threat. Count 2 must be dismissed.

### c. Count 3 – Threats Against President and Successors to the Presidency

Count 3 alleges that on November 25, 2024, in the District of Arizona and elsewhere, the defendant, RENE ORTIZ, did knowingly and willfully make a threat to take the life of, and to inflict bodily harm upon [Victim 2], with the intent to communicate a true threat of violence and with reckless disregard as to whether the communication would be viewed as a true threat of violence by lodging a document in Federal Court which stated, "Mr. Ortiz will be entitled to shot the incoming fraudulent elected POTUS from 300 or 666 yards away with 666 rounds for an M-16A2 service rifle at the inauguration on Jan 20, 2025." All in violation of Title 18 U.S.C. § 871.

Count 3 is not a true threat. Like Counts 1 and 2, Count 3 fails to identify a victim. Also, the words "will be entitled" suggest conditional language preceded it or followed it. Using the court filing complaint process, angel numbers, and the inclusion of the word fraudulent elected separates the referenced statement in Count 3 from any sincere intention to cause harm to an identified person or people. While the statement might be considered crude and disturbing, it falls short of a true threat and must be dismissed.

### B. The Indictment Includes as an Element of Each Count, the *Mens Rea* Recklessness, Which Falls Outside the Statutory Proscriptions Requiring Dismissal of the Indictment.

The statutory language of 18 U.S.C. §§ 871 and 879 are clear. Each statute requires that the threat be made "knowingly and willfully." There is no ambiguity here—the government must prove that Mr. Ortiz made the alleged threat with knowledge and intent under each statute, not simply recklessly, or recklessly under one statute and knowingly and willfully under the other. Recently, the United States Supreme Court articulated that, "A person acts knowingly when "he is aware that [a] result is practically certain to follow"—so here, when he knows to a practical certainty that others will take his words as threats." (internal quotation marks omitted). *Counterman v. Colorado*, 600 U.S. 66, 79 (2023). Recklessness is not included in either statute as an element of the offense. If it were, culpability under 18 U.S.C. §§ 871 and 879 would be tantamount to strict liability, completely chilling the First Amendment, because almost any statement made could then be considered illegal speech, protest, or threat. *See Elonis v. United States*, 575 U.S. 723, 740 (2015).

Despite these facts, the indictment identifies "reckless disregard" as a *mens rea* for each count. Although the indictment uses the conjunctive "and" between the options of "knowingly and willfully" and "with reckless disregard," it is well-established that in an indictment, "[t]he government may charge in the conjunctive and prove in the disjunctive." *United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018). In other

words, "in an indictment, 'and' means 'or.'" *United States v. Claude X*, 648 F.3d 599, 603 n.6 (8th Cir. 2011). It follows that the inclusion of the "reckless disregard" *mens rea* fully invalidates each count of the indictment. Thus, the indictment is entirely defective and must be dismissed.

### C. Counts 1 and 3 Fail to Articulate Offenses Under 18 U.S.C. § 871.

Counts 1 and 3 charge Mr. Ortiz with violations of 18 U.S.C. § 871. Section 871 applies where the defendant either "deposits" a document "for conveyance in the mail," or "otherwise makes" a covered threat. Because Mr. Ortiz did not deposit the allegedly threatening documents in the mail, only the "otherwise makes" language could apply to his conduct. But the "otherwise makes" language cannot be stretched to cover filing a pleading in a court, for several reasons.

First, pursuant to the doctrine of *noscitur a sociis*, the word "makes" should be construed consistently with adjacent language in the statute—here, "deposits [for conveyance in the mail]." *Yates v. United States*, 574 U.S. 528, 543 (2015) ("[W]e rely on the principle of *noscitur a sociis*—a word is known by the company it keeps[.]"). Because filing a pleading in court bears little similarity to depositing a document in the mail, the term should not be construed to cover this conduct.

Second, statutes should be construed in such a way as to avoid constitutional and other legal difficulties. *United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014). One constitutional difficulty that may affect a federal criminal statute is the lack of a sound justification for the application of federal criminal jurisdiction to the conduct in question. *United States v. Lopez*, 514 U.S. 549 (1995). This is not a concern with respect to the depositing of documents in the United States Mail—but it *is* a concern if the "otherwise makes" language is given an interpretation so broad as to cover conduct that does not implicate any power vested by the Constitution in the federal government. Further difficulties arise in cases, like this one, in which the allegedly threatening communications were contained in a complaint filed in court. Punishing an individual for

speech contained in a complaint filed in court raises concerns of infringement upon the First Amendment right to "petition the Government for a redress of grievances," as well as the common-law "litigation privilege." Louise Lark Hill, *The Litigation Privilege: Its Place in Contemporary Jurisprudence*, 44 Hofstra L. Rev. 401 (Winter 2015).

Section 871 must be construed in such a manner as to avoid implicating these concerns. Indeed, pursuant to both the avoidance doctrine and the First Amendment, the "otherwise makes" language must be construed very narrowly, so as to avoid potentially "chilling" conduct protected by these constitutional and common-law guarantees. *Dombrowski v. Pfister*, 380 U.S. 479, 486–87 (1965); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556 (2014).

In short, because Mr. Ortiz did not deposit the allegedly threatening documents in the mail or "otherwise make" threatening statements (pursuant to a properly narrow reading of the latter phrase), Counts 1 and 3 must be dismissed.

### D. Count 2 Fails to Articulate an Offense Under 18 U.S.C. § 879.

Count 2 fails to articulate a cognizable offense for a simpler reason. The alleged conduct underlying Count 2 is a threat directed against "the newly elected POTUS"—*i.e.*, the President-elect. But this conduct is charged under 18 U.S.C. § 879, and while this statute covers threats against the President-elect's "immediate family," *id*. § 879(a)(2), it does not cover threats against the President-elect himself. Count 2 must accordingly be dismissed.

### E. Title 18 U.S.C. § 871 is Impermissibly Vague and Violates the First Amendment and Due Process.

A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications" *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.,* 455 U.S. 489, 498, (1982). The "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage

arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, (1983).

The "otherwise makes" language of 18 U.S.C. § 871 is impermissibly vague; its reach is endless, is subject to arbitrary application, and as written, chills all speech in violation of the First Amendment and fails to put a person on notice of what speech is punishable under the law, in violation of Due Process. When privileges like the absolute litigation privilege, or the patient-psychotherapist privilege ought to shield a person's statements, as § 871 is written, statements threatening the president made in those contexts would be punishable under the "or otherwise makes" language. More issues arise when one questions where the jurisdictional scope of the "or otherwise makes" language lies. Surely the commerce clause cannot keep up with such vast vagueness. Because there's no telling where the end begins, 18 U.S.C. § 871 is impermissibly vague, (and also overbroad), in violation of the First Amendment and Due Process such that each count must be dismissed.

### III.    CONCLUSION

Based on the foregoing, Mr. Ortiz respectfully requests the Court to dismiss the Indictment in its entirety as a matter of law and with prejudice.

Respectfully submitted: March 5, 2025.

JON M. SANDS
Federal Public Defender

*s/Success V. Carter*
SUCCESS V. CARTER
MICHAEL S. RYAN
Assistant Federal Public Defenders
Attorneys for Mr. Ortiz